UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x

ARTUR AGAIANI,

Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES,
LLC., and TD BANK, N.A.,

Defendants.

———————————————————— x

Civil Action No.: 1:20-cv-03160-KAM-PK

FIRST AMENDED COMPLAINT FOR
VIOLATIONS OF THE FAIR CREDIT
REPORTING ACT

DEMAND FOR JURY TRIAL

Plaintiff Artur Agaiani ("Plaintiff") brings this action against defendants Equifax Information Services, LLC ("Equifax" or "CRA Defendant") and TD Bank, N.A. ("TD Bank" or "Furnisher Defendant") (both collectively, "Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

**NATURE OF THE ACTION**

1.    This is an action to recover damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2.    Defendant Equifax has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, including inaccurate reporting with respect to the account balance on accounts issued by Defendant TD Bank.

3.    Plaintiff disputed the inaccurate reporting in writing through the channels established by CRA Defendant for disputing consumer credit information. CRA Defendant, in turn, and as required by statute, notified Furnisher Defendant of Plaintiff's dispute. Yet, despite receiving the dispute, or notice thereof, Defendants willfully continued to report the inaccurate information and failed to mark the accounts as disputed.

- 1 -

4.      Defendants thus violated the express provisions of the FCRA.  Upon receiving a consumer's dispute, credit reporting agencies (such as CRA Defendant) are legally required to: (i) conduct a reasonable investigation or reinvestigation into all the circumstances surrounding the disputes; (ii) mark the disputed account as disputed; and (iii) when and if appropriate, following the performance of reasonable investigation, remove any inaccurate information.

5.      Credit reporting agencies are statutorily obligated to notify furnishers of credit information within five days of receiving a customer's dispute.  The furnishers, in turn, are statutorily obligated to conduct an investigation and correct the misleading information as necessary.  It is thus reasonable to infer that Furnisher Defendant received notice of, yet willfully disregarded, Plaintiff's dispute.

6.      CRA Defendant thus violated two different statutory provisions of the FCRA.  First, it violated 15 U.S.C. §1681e(b), which requires credit reporting agencies to maintain reasonable procedures to ensure maximum possible accuracy in Plaintiff's consumer reports.  Second, CRA Defendant violated 15 U.S.C. §1681i, which required it to conduct a reasonable reinvestigation into Plaintiff's dispute, report the accounts as disputed, and delete the inaccurate reporting, if necessary.

7.      Likewise, Furnisher Defendant violated its statutory obligation to conduct a timely and reasonable investigation of Plaintiff's dispute.  It is reasonable to infer that CRA Defendant notified Furnisher Defendant of Plaintiff's dispute, as required by federal statute.  *See id.* § 1681i(a)(2).  Yet, instead of conducting an investigation and removing the inaccurate information, Furnisher Defendant improperly verified that the information in Plaintiff's credit report was accurate.

8.      Moreover, CRA Defendant and Furnisher Defendant failed to mark the disputed accounts as disputed, as they were required to do.

9.      Accordingly, Plaintiff is entitled to actual, statutory, and punitive damages, and reasonable attorney's fees and expenses.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy[.]"

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Additionally, because Defendants conduct and continue to conduct a substantial and significant amount of business in this District, and a substantial portion of the conduct complained of herein occurred in this District, Defendants are subject to personal jurisdiction in this District.

## PARTIES

12.      Plaintiff resides in Queens, New York, and qualifies as a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c). Plaintiff is an individual, and not an entity.

13.      Defendant Equifax Information Services, LLC is a consumer reporting agency ("CRA") that regularly conducts business in this judicial district. Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309, is registered to do business in the State of New York, and may be served process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, New York 12207. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f), as it, by contractual agreement, disburses consumer background reports for remuneration to third parties.

14.     Defendant TD Bank, N.A. is a national banking association and a subsidiary of the Canadian multinational Toronto-Dominion Bank. As a financial services company, it provides retail, commercial, and corporate banking services through banking locations and offices, the internet, and other distribution channels to individuals, businesses and institutions throughout the United States. Defendant TD Bank regularly conducts business in this district and has its headquarters at 357 Kings Hwy N, Cherry Hill, NJ 08034.  Defendant TD Bank qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

15.     The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports.  Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA, as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. 1681a (emphasis added).

16.     To that end, the FCRA mandates credit reporting agencies to adhere to the following twin duties: (i) to assure the maximum possible accuracy of information when preparing consumer reports by establishing reasonable procedures in order to comport with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a consumer's dispute and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

17.     CRA Defendant compiles, maintains, and reports information furnished by furnishers concerning Plaintiff's creditworthiness, credit standing, credit capacity, character, and general reputation.  That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance, and even consumer housing.  Plaintiff has a legally protected interest in Defendants fulfilling their respective duties under the FCRA so that the information is reported and maintained fairly to support maximum levels of confidentiality, accuracy, and relevancy.

18.     Furnishers, after receiving notice from a CRA of a consumer's dispute that information was inaccurate, are required to conduct a reasonable investigation regarding the disputed information.  When and if appropriate, following the performance of the reasonable investigation, furnishers are obligated to remove any inaccurate information.

19.     Credit reporting agencies and furnishers are, at a minimum, required to mark the status of tradelines/accounts disputed by a consumer as disputed on the consumer's background reports.

**TD Bank**

20.     Equifax issued consumer background reports concerning Plaintiff that included, *inter alia*, inaccurate information regarding the account balance on two of Plaintiff's TD Bank accounts.

21.     On October 30, 2019, Plaintiff sent a letter to Equifax disputing the accuracy of the

reporting of the TD Bank accounts.

22.     Concerning the first disputed account, Plaintiff's letter stated as follows:

> According to my records, the Balance of $309.00 presented by you is higher than
> the actual amount I know of. Since the account is closed and charged-off, the
> information regarding Amount Past Due shouldn't be provided. The discrepancy
> between the Date of Last Payment from Account Details and the one from Payment
> History puts under question the accuracy of the information reported by your
> agency for this account. I'm working on getting the aforementioned mistakes fixed
> through direct contact with my creditor. Appealing to your understanding, I ask that
> you mark this account as disputed so that it won't damage my credit score during
> the process.

23.     With regard to the second disputed account, Plaintiff's letter stated as follows:

> The Balance $14,340.00 provided for this account is incorrect, as it is higher than
> the amount I am aware of. Due to the fact that this account is closed and charged-
> off, you shouldn't be reporting the Amount Past Due. The Date of Last Payment
> from Account Details are at variance with the one in Payment History. I require
> that you indicate a dispute mark for this account, so it wouldn't have negative
> influence on my credit score. In the meantime, I will try to get the inaccuracies
> adjusted directly with the creditor.

24.     It is reasonable to infer that Equifax notified TD Bank about Plaintiff's disputes, as

required by federal statute.

25.     The receipt of Plaintiff's dispute letter triggered Defendants' statutory obligations

to conduct an investigation, mark Plaintiff's TD Bank accounts as disputed, and take the

appropriate action in response to the investigation.

26.     Defendants, however, failed on all three counts.  They failed to conduct an

investigation, they failed to mark the accounts as disputed, and they failed to update the accounts

in an appropriate manner.

27.     Indeed, the plain language of the dispute letter asked that the accounts be marked

as disputed until a resolution could be reached regarding the erroneously reported information.  At

a minimum, the appropriate response to such a letter was to add a notation to Plaintiff's consumer background credit report stating that the accounts were currently being disputed.

28.     Yet, credit reports were subsequently issued by Equifax that reported the TD Bank accounts without indicating that the accounts were disputed.

29.     Because the TD Bank accounts continued to be reported without a dispute notation, it is reasonable to infer that TD Bank summarily verified the accuracy of the reporting without conducting even the most basic investigation.  Otherwise, the accounts would be marked as disputed.

30.     Defendants' misconduct damaged Plaintiff, and chilled his willingness to apply for new credit.

31.     In his dispute letter, Plaintiff clearly and unambiguously expressed his concern that reporting of the TD Bank accounts would continue to harm his credit score, unless a dispute notation was added to the account.

32.     These concerns were not unfounded.  Plaintiff later attempted to secure additional credit with PenFed Credit Union ("PenFed").  On March 30, 2020, PenFed informed Plaintiff that Plaintiff's credit application was rejected based on information contained in his Equifax report, including information related to the reported balances on Plaintiff's accounts.

33.     Accordingly, Plaintiff is entitled to damages.

**Plaintiff suffered harm from CRA Defendant's willful, intentional, reckless, and/or negligent misconduct**

34.     CRA Defendant has been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

35.     The inaccurate information includes personal identifying information, as well as the nature of Plaintiff's tradelines/accounts, including, but not limited to, Plaintiff's accounts with Furnisher Defendant.

36.     Plaintiff disputed the inaccurate reporting in writing via CRA Defendant's established mechanisms and procedures to dispute consumer credit information.

37.     Upon information and belief, CRA Defendant contacted Furnisher Defendant and notified it of Plaintiff's dispute.  As part of any reasonable or even rudimentary investigation or reinvestigation, CRA Defendant should have then sent all the relevant evidence/facts to Furnisher Defendant and requested an explanation as to the reason the account/tradeline was being reported in an inaccurate manner.  CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; or (iii) requested or obtained any credit applications or other relevant documents from Furnisher Defendant.  CRA Defendant willfully, intentionally, recklessly, and negligently failed to take any of these steps subsequent to Plaintiff's dispute, failed to perform any reasonable investigation, and ultimately failed to remove the inaccurate information.

38.     Instead, CRA Defendant confirmed in writing that it intended to continue reporting the inaccurate information.

39.     Subsequent to such communication, Plaintiff was denied the extension of further credit because of the inaccurate reporting.

40.     Despite being notified of the inaccurate information, CRA Defendant continues to publish inaccurate information in Plaintiff's consumer background reports.

**CRA Defendant failed to maintain adequate policies and procedures**

41.     CRA Defendant systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports it published.

42.     Upon receipt of Plaintiff's dispute, CRA Defendant was legally required to (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute, and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.  At a minimum, CRA Defendant was required to mark the status of the disputed tradeline/account as disputed on the consumer's background report.

43.     CRA Defendant failed to take these steps in violation of the FCRA and Plaintiff is entitled to damages.  As a result of CRA Defendant's misconduct, Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing opportunities, and by being denied the ability to procure additional credit.

## CAUSES OF ACTION

### COUNT I

**Against CRA Defendant for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

44.     Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

45.     The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> *Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*

15 U.S.C. §1681e(b).

46.     Upon receiving a consumer's dispute, credit reporting agencies are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> . . . if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer*, and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information*, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* §1681i(a)(1).

47.     Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows:

> *Before the expiration of the 5-business-day period* beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), *the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

*Id.* §1681i(a)(2) (emphasis added).

48.     In violation of §§ 1681e(b) and 1681(i), CRA Defendant failed to follow reasonable procedures to ensure the maximum possible accuracy of the information attributable to Plaintiff by reporting inaccurate information in Plaintiff's consumer background reports.  Plaintiff disputed the inaccurate information and still CRA Defendant willfully, intentionally, recklessly, and negligently failed to perform a reasonable investigation and remove the inaccurate information.

49.     Moreover, CRA Defendant failed to mark the disputed accounts as disputed, as it was required to do.

50.     In violation of § 1681o and § 1681n, CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury, and it is therefore liable to Plaintiff for its negligent and

willful failures to follow reasonable policies and procedures.  As a result of CRA Defendant's

violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as

described herein and is entitled to recover actual and punitive damages.

## COUNT II

### Against Furnisher Defendant for Violation of the FCRA, 15 U.S.C. § 1681s-2(b)

51.    Plaintiff incorporates by reference the preceding allegations as though fully set

forth herein.

52.    Upon receiving notice of a dispute from a credit reporting agency, furnishers are

required to conduct an investigation and correct the misleading information as necessary, as

follows:

> After receiving notice according to 15 U.S.C. § 1681i(a)(2) of a dispute concerning the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A)    *conduct an investigation with respect to disputed information*;
>
> (B)    review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C)    report the results of the investigation to the consumer reporting agency; [and]
>
> (D)    if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

53.    Furnisher Defendant failed to conduct timely and reasonable investigations of

Plaintiff's disputes after receiving notice from CRA Defendant.  Furnisher Defendant has further

willfully, intentionally, recklessly, and negligently continued to report such inaccurate information

to CRA Defendants.

54.     Instead of removing the inaccurate information, Furnisher Defendant improperly confirmed the inaccurate information it had been reporting. Moreover, Furnisher Defendant improperly failed to mark the disputed accounts as disputed, as it was required to do.

55.     Furnisher Defendant's conduct was a direct and proximate cause of the damages suffered by Plaintiff.  As a result of Furnisher Defendant's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

56.     As a result of Furnisher Defendant's misconduct, Plaintiff is entitled to statutory, actual, and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A.     awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B.     awarding attorneys' fees and costs, and other relief; and

C.     awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

- 13 -

DATED:  September 3, 2020                    **COHEN & MIZRAHI LLP**


                                             _/s/ Edward Y. Kroub_
                                             EDWARD Y. KROUB

                                             300 Cadman Plaza West, 12th Floor
                                             Brooklyn, NY  11201
                                             Telephone:  929/575-4175
                                             929/575-4195 (fax)
                                             edward@cml.legal

                                             *Attorneys for Plaintiff*

- 13 -